UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD PATTERSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-01022-AGF |
| RAYO LOGISTICS INC., NOEL FORTUNY, and TRADERS INSURANCE COMPANY, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand this case to the Missouri state court from which it was removed. ECF No. 12. Defendants Rayo Logistics Inc. ("Rayo"), and Noel Fortuny ("Fortuny") removed the case on diversity jurisdiction grounds, arguing that the non-diverse defendant, Traders Insurance Company ("Traders"), was fraudulently joined.[1] For the reasons set forth below, the motion to remand will be granted.

# BACKGROUND

Plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri, alleging four state-law claims arising from two successive automobile accidents. Plaintiff alleges the following facts, which the Court accepts as true for the purpose of this motion.

---

[1] Plaintiff is a resident and citizen of the State of Missouri. Defendants Rayo Logistics Inc. is incorporated in Texas and has its headquarters and principal place of business in Katy, Texas; Defendant Fortuny is a resident and citizen of the State of Texas; and Defendant Traders is headquartered in the State of Missouri. ECF No. 1 at 2.

On May 19, 2021, Defendant Fortuny "was operating a tractor-trailer for the benefit of and as an employee, agent, and/or servant of Defendant Rayo at or about the intersection of Jefferson Avenue and Geyer Avenue." ECF No. 1-3 at ¶¶ 5, 7.  Plaintiff was stopped at a red light on Jefferson Avenue when he was struck from behind by Defendant Fortuny.  *Id*. at ¶ 6.  As a result of the collision, Plaintiff suffered trauma to his back and to other parts of his body.  *Id*. at ¶ 8.

On September 8, 2021, Plaintiff was operating a motor vehicle on Airport Road at or near its intersection with Evergreen Avenue when he was struck from behind by a vehicle operated by an unknown motorist who fled the scene.  *Id*. at ¶¶ 8, 10.  As a result of the collision, Plaintiff suffered trauma and injury to his back.  *Id*. at ¶ 12.  Plaintiff filed suit in the Circuit Court of the City of St. Louis against all Defendants on June 24, 2024, for claims relating to the injuries sustained from both collisions.  *Id*.

Plaintiff asserted that joinder of his claims against the defendants for both collisions was proper because the two accidents comprised a "series of transactions or occurrences" for the purpose of Missouri Supreme Court Rule 52.05(a) and there was a common question of fact as to whether and to what extent Defendant Rayo, Fortuny, and Traders were responsible for damages associated with the trauma and injury to Plaintiff's back.  *Id*. at ¶ 13.  Plaintiff asserted one count of negligence against Defendant Rayo and one count of negligence against Defendant Fortuny arising out of the May 19, 2021 automobile accident.  *Id*. at 3-6.  Plaintiff also asserted one count of breach of contract and one count of vexatious refusal to pay against Traders arising from the September 8, 2021 accident involving an uninsured motorist.  *Id*. at 6-8.

2

On July 25, 2024, Defendants Rayo and Fortuny removed the case to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. Despite having been properly served prior to removal, Defendant Traders did not file any document consenting to removal.[2] ECF No. 12 at 3, 5. On the same day, Defendants Rayo and Fortuny also filed a motion to dismiss Plaintiff's claim against Traders in state court. *Id.* Defendants Rayo and Fortuny alleged in their notice of removal that the diversity-of-citizenship and amount-in-controversy requirements would be met if the Court disregarded the citizenship of Traders, which shared Plaintiff's Missouri citizenship. Defendants Rayo and Fortuny argued that Defendant Traders' citizenship should be disregarded because it was fraudulently joined to the case. ECF No. 1 at 2.

Plaintiff now seeks to remand the case to state court. Plaintiff argues: (1) that he has alleged a colorable cause of action against Defendant Traders and therefore the joinder was not fraudulent; (2) that Defendant Traders did not consent to removal of the action and therefore Defendants Rayo and Fortuny failed to meet the removal requirements under 28 U.S.C. § 1446(b)(2)(A); and (3) that Defendants' arguments appear to allege fraudulent misjoinder rather than fraudulent joinder, a doctrine that the Eighth Circuit has not adopted, and that in any event, Defendants cannot establish that the joinder was "so egregious and grossly improper" as required under the doctrine. ECF

---

[2] Defendant Traders had not yet entered an appearance in the state court when Defendants Rayo and Fortuny removed this action. According to Missouri Case.net, Defendant Traders subsequently filed a motion to dismiss in the Circuit Court on July 31, 2024. Defendant Traders has not entered an appearance before this Court.

3

No. 12 at 4-9. Plaintiff also seeks attorneys' fees, arguing that Defendants' removal was not objectively reasonable. *Id*. at 9-10.

In their response, Defendants Rayo and Fortuny allege that Plaintiff joined Defendant Traders specifically to deprive federal courts of jurisdiction. Defendants argue that Plaintiff's joinder of Defendant Traders was fraudulent because: (1) the two accidents were not part of the same series of transactions or occurrences and they did not share a common question of law or fact to be properly joined under Missouri Supreme Court Rule 52.05(a); (2) that Defendant Traders' consent was not required to remove the action because it was fraudulently joined; (3) that the doctrine of fraudulent misjoinder is not at issue in this case, but if it were, Plaintiff's joinder of Defendant Traders was so egregious that it meets the high standard of fraudulent misjoinder; and (4) that Defendants' removal of the action to federal court was objectively reasonable, therefore Plaintiff is not entitled to attorney's fees.

In reply, Plaintiff argues that he has adequately pled colorable claims against Defendant Traders and that these claims were not "egregiously misjoined" with his claims against Defendants Rayo and Fortuny.

## DISCUSSION

A defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "The party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand." *Johnson v. Midwest Div. – RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2023). A "defendant cannot

4

remove unilaterally. Instead, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) (citing 28 U.S.C. § 1446(b)(2)(A)).

A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Diversity between the parties must be complete, meaning that "there is no plaintiff and no defendant who are citizens of the same [s]tate." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (citation omitted). In addition, actions where jurisdiction is predicated solely on diversity are removable only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"Fraudulent joinder is an exception to the complete diversity rule." *Johnson*, 88 F.4th at 735 (citing *In re Prempro Pros. Liab. Litig.*, 613 F.3d 591, 620 (8th Cir. 2010)). Under this doctrine, a defendant's right to remove an action based on diversity jurisdiction cannot be defeated by the fraudulent joinder of a non-diverse or resident defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). Joinder of a defendant is fraudulent where "no reasonable basis in fact and law" exists to support claims asserted against that defendant; in such a situation, dismissal of the defendant is proper. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014). Defendants, as the removing party, bear the burden of proving that joinder was fraudulent here. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 808 (8th Cir. 2003).

5

In determining whether a defendant was fraudulently joined, the district court must decide "whether there is arguably a reasonable basis for predicting that state law might impose liability based upon the facts involved." *Id*. at 811. This question turns on whether the plaintiff might have a "colorable" claim against the resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

To prove fraudulent joinder, "the defendant [must] do more than merely prove that the plaintiff's claims should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980. Further, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. Where the sufficiency of the plaintiff's claim is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. *Id*.

In arguing that Plaintiff's joinder of Defendant Traders was fraudulent, Defendants appear to argue: (1) that Plaintiff's claims against Defendant Traders lack any real connection with Plaintiff's claims against Defendants Rayo and Fortuny; (2) that Plaintiff's claims against Traders arise in contract whereas Plaintiff's claims against Defendants Rayo and Fortuny are tort claims and therefore cannot establish joint liability to make joinder proper;[3] (3) that Plaintiff failed to cite to adequate authority supporting

---

[3] Defendants argue that Plaintiff's vexatious refusal claim is not a separate tort claim because it is dependent on Plaintiff's breach of contract claim against Traders.

6

joinder; and (4) that there was no colorable cause of action against Traders because Plaintiff failed "to even mention the elements required to bring a breach of contract claim." ECF No. 14 at 11.

Defendants' first three arguments pertain to the doctrine of fraudulent misjoinder and are not relevant to assessing fraudulent joinder. *See Prempro*, 591 F.3d at 622 (analyzing whether the claims arose from the same transaction, occurrence, or series of transactions and occurrences and shared any question of law or fact common to all parties to determine that plaintiff's alleged misjoinder was not so egregious as to constitute fraudulent misjoinder). Defendants' third argument also misplaces the burden for establishing fraudulent joinder by asserting that Plaintiff has not sufficiently justified the joinder of Defendant Traders' claims; however, Defendants, as the removing party, bear the burden of showing that joinder was fraudulent here. *See Filla*, 336 F.3d at 808. Defendants' final argument addresses fraudulent joinder but argues that Plaintiff failed to raise an actionable claim for a general breach of contract under the federal pleading standards, citing to *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009). However, Plaintiff is neither required to plead a general breach of contract in his uninsured motorist claim nor to meet the pleading standards under Rule 12(b)(6) assert a colorable claim. *Knudson*, 634 F.3d at 980; *Junk*, 628 F.3d at 445-46 (noting that the Fed. R. Civ. P. 12(b)(6) standard is more demanding than the *Filla* standard applied in the fraudulent joinder context).

Under Missouri law, automobile insurance companies are compelled to provide uninsured motorist coverage to persons "legally entitled to recover damages from owners

or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." Mo. Rev. Stat. 379.203(1). An unidentified motorist is deemed to be an uninsured motorist under the statute. *Id.*; *Preston v. Am. Family Mut. Ins. Co.*, 325 S.W.3d 485, 486 n.1 (Mo. Ct. App. 2010); *see* MAI §12.03 [2012 Revision] (the verdict-director submitted against an insurer where the motorist is unidentified). In order to succeed on an unidentified uninsured motorist claim, a plaintiff must show that: (1) the unidentified motorist was uninsured; (2) causation; (3) the amount of damages. *Preston*, 325 S.W.3d at 486.

To establish a claim for vexatious refusal to pay, Plaintiff must show that: (1) he had an insurance policy with Traders; (2) Traders refused to pay; and (3) Traders' refusal was without reasonable cause or excuse. Mo. Rev. Stat. 375.420; *Dhyne v. State Farm Fire and Cas. Co*, 188 S.W.3d 454, 457 (Mo. 2006).

Plaintiff has alleged in his complaint that his insurance policy was in full force and effect at the time of the September 8, 2021 accident, that he was rear-ended by an unidentified driver who drove off, and that he sustained damages and injuries as a result of the accident. Plaintiff has also alleged that Traders refused to pay his claim without reasonable cause or excuse. Thus, Plaintiff's claims are at least colorable and therefore not fraudulently joined.[4]

Despite Defendants Rayo and Fortuny maintaining that the doctrine of fraudulent

---

[4] Because Defendant Traders was not fraudulently joined, Defendants Rayo and Fortuny have also failed to meet the requirements of 28 U.S.C. § 1446(b)(2)(A) by failing to provide the consent of all properly joined and served defendants to the removal of the action. *Jackson*, 587 U.S. 435 at 438.

misjoinder is "not at issue in this matter," the majority of their "fraudulent joinder" arguments nevertheless fall under this doctrine.  Defendants have also separately argued that Plaintiff's joinder was sufficiently egregious to meet the standard for fraudulent misjoinder.  The Court will therefore address these arguments as an asserted alternative basis for removal under the doctrine of fraudulent misjoinder.

Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or resident defendant, even though the plaintiff has no procedural basis to join them in the action. . . ."  *Prempro* 591 F.3d at 620.

The Eighth Circuit has not yet decided whether to adopt the doctrine of fraudulent misjoinder, but it has noted that if it were to adopt the doctrine, only an "egregious" misjoinder would warrant its application.  *See id.* at 622.

Assuming without deciding that the Court has authority to create diversity jurisdiction by severing Plaintiff's claims against Defendant Traders, the Court would not do so because Defendants Rayo and Fortuny have not shown that the claims were egregiously misjoined under Rule 20(a)(2).  Rule 20(a)(2) permits plaintiffs to join multiple defendants in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

9

Plaintiff's joinder of Traders does not so clearly violate this broad standard. *See Prempro*, 591 F.3d at 622 ("in construing Rule 20, the Eighth Circuit has provided a very broad definition for the term transaction").[5] Plaintiff's claims relate, at least in part, to back injuries suffered as a result of successive automobile accidents. *See Gordon v. Manzella*, 270 F.Supp.40, 43 (W.D. Mo. Jun. 20, 1967) (describing the long history of treating cases involving successive injury and re-injury to the same part of the claimant's body as sharing a question of common fact in support of remand to the state court); *Gaunt v. State Farm Mut. Auto. Ins. Co.*, 24 S.W.3d 130, 137 (Mo. Ct. App. 2000) (stating that the jury should find the total amount of damages suffered by the plaintiff and then compare it to the insurer's uninsured motorist policy limit in order to determine the damages awarded to the plaintiff). Therefore, Plaintiff's joinder of his claims against Defendants Rayo and Fortuny and Defendant Traders is not so egregious as to suggest that the joinder borders on a sham. *Prempro*, 591 F.3d at 624.

In short, because Defendants have failed to satisfy their burden to establish subject-matter jurisdiction, the Court will grant Plaintiff's motion to remand. Any remaining questions about improper joinder may be addressed by the state court.

---

[5] Missouri Courts have similarly long recognized joinder as appropriate under Missouri Supreme Court Rule 52.05(a), which was modeled after Fed. R. Civ. Pro. 20, in situations of successive injury. *See State ex rel. Nixon v. Dally*, 248 S.W.3d 615, 619 (Mo. 2008) (authorizing the joinder of claims arising from two accidents separated by ten months where it was alleged that the second collision aggravated injuries resulting from the first incident); *State ex rel. Farmers Ins. Co., Inc. v. Murphy*, 518 S.W.2d 655, 663-64 (Mo. 1975) (finding that Rule 52.05(a) does not require a party to file two separate suits, one against the tortfeasors and a separate one against the insurance company to enforce a claim of uninsured motorist coverage).

Plaintiff's request for attorneys' fees and other expenses, however, will be denied. Although 28 U.S.C. § 1447(c) provides that a remand order may require payment of fees incurred as a result of the removal, an award of fees is generally not warranted unless the removing party "lacked an objectively reasonable basis for seeking removal." *Convent Corp. v. City of North Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015). The Court does not find that Defendants Rayo and Fortuny's removal in this case was objectively unreasonable and will therefore deny Plaintiff's request for attorneys' fees.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**. ECF. No. 12.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **DENIED**.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2024.